J-S61036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO JOHNSON, JR. | : | |
| | : | |
| Appellant | : | No. 2968 EDA 2017 |

Appeal from the PCRA Order August 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009395-2011

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.:                    **FILED FEBRUARY 13, 2019**

Antonio Johnson, Jr. appeals *pro se* from the order dismissing his first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. We affirm.

The relevant facts and procedural history are as follows. On May 30, 2011, the Commonwealth charged Appellant with murder, possessing an instrument of crime ("PIC"), carrying a firearm without a license, and carrying a firearm on the streets of Philadelphia[1] in connection with the shooting death of Dexter Young. Instead of proceeding to a jury trial, Appellant entered into a guilty plea with the Commonwealth. In exchange for a negotiated aggregate sentence of 22.5 to 45 years' imprisonment, Appellant pled guilty to murder

---

[1] 18 Pa.C.S.A. §§ 2502, 907, 6106, and 6108, respectively.

in the third degree and PIC.[2] The trial court sentenced Appellant pursuant to the terms of the plea deal; however, Appellant appealed his sentence. A panel of this Court affirmed Appellant's judgment of sentence on May 16, 2013. *See* ***Commonwealth v. Johnson***, 1531 EDA 2014 (Pa. Super., filed, May 16, 2013) (unpublished memorandum).

On January 28, 2014, Appellant filed a *pro se* PCRA petition.[3] The PCRA court appointed counsel, who later filed a no-merit letter and a motion to withdraw. Based upon the no-merit letter and its independent review of the record, the court issued notice of its intent to dismiss and permitted counsel to withdraw. Despite Appellant's response, the court ultimately dismissed Appellant's petition without a hearing. This timely appeal followed.

On appeal, Appellant asserts: 1) the trial court erred by failing to give an adequate and contemporaneous reason for imposing an above-guidelines sentence; 2) PCRA and appellate counsel were ineffective in failing to challenge Appellant's above-guidelines PIC sentence; 3) his rights under the Sixth Amendment to the United States Constitution were violated; 4) the PCRA court erred in failing to apply Appellants' PCRA petition "retroactively to [A]ppellant's appeal;" 5) the use of the deadly weapon enhancement "at 42

---

[2] Specifically, Appellant received a sentence of 20 to 40 years imprisonment for his murder conviction and a sentence of 2.5 to 5 years imprisonment for his PIC conviction.

[3] Appellant filed amendments to his petition on March 12, 2014, October 6, 2014, January 23, 2015, February 5, 2015, and March 8, 2016.

Pa.C.S. § 9712" rendered his sentence illegal under *Alleyne v. United States*, 570 U.S. 99 (2013); and 6) PCRA counsel was ineffective for failing to argue that the application of the deadly weapon enhancement rendered Appellants' sentence illegal.[4] *See* Appellant's Brief, at 4.

We must first determine which of these issues Appellant has preserved for our review. As explained below, he has only preserved the final two issues for our review.

Issue one alleges a claims of *trial court* error. Appellant argues the trial court erred by failing to make a contemporaneous statement of reasons for its departure from the sentencing guidelines.

> The PCRA, however, procedurally bars claims of trial court error, by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544. At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not). *Commonwealth v. Spotz*, [] 18 A.3d 244, 260-61, 270 ([Pa.] 2011) (rejecting claims of trial court error as either previously litigated where raised on direct appeal or waived where not raised [on] direct appeal).

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*).

Appellant failed to raise this claim on direct appeal. As such, we find this issue waived and procedurally barred from review under the PCRA.

Additionally, issues two, three, and four are waived for Appellant's failure to develop these arguments in his appellate brief.

---

[4] We have renumbered Appellant's issues for ease of disposition.

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court will not act as counsel and will not develop arguments on behalf of an appellant.

***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (internal quotation marks and citations omitted). "It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived." ***Commonwealth v. Gibbs,*** 981 A.2d 274, 284 (Pa. Super. 2009). Despite his inclusion of six issues on appeal, Appellant's argument section of his appellate brief only addresses his final two issues on appeal. The brief completely fails to address issues two, three, and four. Accordingly, he has waived these issues on appeal for failure to develop arguments. ***See Tchirkow***, 160 A.3d at 804 ("It is well-established that [w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof").

This leaves us with issues five and six to address on the merits. Through his fifth issue on appeal, Appellant contends his negotiated sentence, which he alleges was calculated according to the deadly weapon "enhancement" at 42 Pa.C.S.A. § 9712, was rendered illegal following the ***Alleyne*** decision. Additionally, through issue six, Appellant asserts ineffectiveness of PCRA counsel for failing to raise this issue in a PCRA petition.

- 4 -

"On appeal from denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. **See id**.

We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. **See Commonwealth v. Brown**, 161 A.3d 960, 965 (Pa. Super. 2017). To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove the following: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced the petitioner. **See Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. **See Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa. Super. 2004). Additionally, counsel cannot be deemed ineffective for failure to raise a meritless claim. **See Commonwealth v. Jones**, 912 A.2d 268, 278 (Pa. 2006).

The Commonwealth contends that Appellant's claims concerning the deadly weapon enhancement fail because the issue is meritless. We agree.

Appellant is correct in noting that **Alleyne** rendered 42 Pa.C.S.A. § 9712, which provided *mandatory minimum sentences* for using deadly weapons, unconstitutional. However, Appellant's sentence was not derived from that statute. Instead, the parties calculated Appellant's negotiated sentence using the sentencing guideline enhancement for using a deadly

weapon found at 204 Pa.Code § 303.10(a)(2). This Court has specifically held "[t]he imposition of the deadly weapon enhancement does not implicate the Supreme Court of the United States' holding [] in **Alleyne**[.]" ***Commonwealth v. Shull***, 148 A.3d 820, 830 n.6; ***see also Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 n. 10 (Pa. Super. 2014) (*en banc*)(explaining imposition of deadly weapon enhancement still provides trial court with the discretion to sentence outside the guideline range, and therefore, does not implicate **Alleyne**). Therefore, his claim of an illegal sentence under **Alleyne** fails. Additionally, because Appellant's ineffectiveness claim is based upon PCRA counsel's failure to challenge the legality of his sentence under Alleyne, this claim also fails. ***See Jones***, 912 at 278 (counsel cannot be deemed ineffective for failing to raise a meritless claim).

As Appellant is due no relief on any of his issues, we affirm the PCRA court's order dismissing his petition.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/19